

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6945
Re: On showing of insolvency of
the Southern Underwriters,
should the facts be reported
to the Attorney General for
suit looking to the appoint-
ment of a receiver for the
exchange?

The above question is asked this department in
your letter of August 25, which we quote:

"The Southern Underwriters, Houston,
Texas, was a reciprocal exchange, operat-
ing under Chapter 20, Title 78, R. C. S.
of 1925 with The Southern Underwriters Cor-
poration, Houston, as its Attorney-in-Fact
from 1934 until July 20, 1936. On July 20,
1934 the assets of The Southern Underwriters
were conveyed to United Employers Casualty
Company, Houston, a stock casualty company,
in consideration of the assumption of all of
the liabilities of The Southern Underwriters.
A copy of the reinsurance contract is at-
tached.

"United Employers Casualty Company,
Houston was placed in receivership on March
18, 1941 and is now in process of liquida-
tion. A number of the claims outstanding
against The Southern Underwriters were not
discharged by United Employers Casualty Com-
pany and, due to receivership of the latter,
in all probability can never be paid in full.

"I assume that The Southern Underwriters, under the above facts, is obligated to its creditors whose claims have not been fully paid, and that on showing of insolvency of The Southern Underwriters, the facts should be reported to you for suit looking to the appointment of a receiver for the exchange. Please confirm or correct me as to this."

The contract of reinsurance between Southern Underwriters and United Employers contains the following provisions:

"That in consideration of the covenants and agreements hereinafter to be kept and performed, the United Employers hereby assumes and reinsures all of the policies of insurance issued or in the process of issuing by The Southern Underwriters, including each and every kind of policy of insurance and outstanding or whether in the process of being issued by The Southern Underwriters including any and all plans of insurance which may have heretofore been written or which is now being written or in the process of being written by The Southern Underwriters, and assumes all outstanding reinsurance contracts heretofore entered into by and between The Southern Underwriters acting by and through its Agent and Attorney-in-Fact, Southern Underwriters Corporation, and any and all valid obligations, debts or current liabilities both of The Southern Underwriters or Southern Underwriters Corporation.

". . . .

". . . , it being contemplated that on and from the effective date of this contract United Employers shall be fully subrogated to all rights, remedies, claims and causes of action of Southern Underwriters under the policies of insurance reinsured herein, and any other rights or claims which The Southern Underwriters or the Southern Underwriters Corporation may have or be entitled to now or hereafter.

Honorable O. P. Lockhart, Page 5

"The Southern Underwriters and Southern Underwriters Corporation agree to transfer, assign and convey to United Employers Casualty Company as of the effective date of this agreement, all of its assets of every kind and character, whether real, personal or mixed, and whether admitted or non-admitted, including all files, books, records, furniture, fixtures, office supplies, automobiles, loans, cash, notes, bonds, mortgages, real estate and any and all other property whatsoever, whether enumerated herein or not, which it now owns or which it may have any right or interest in now or in the future.

"· · · ·

"The Southern Underwriters and Southern Underwriters Corporation also transfer and assign all agency accounts receivable or agents debit balances or other claims against any agents or other persons whatsoever which they may have at the effective date of this contract, or which may arise hereafter giving any rights or title or interest to The Southern Underwriters or Southern Underwriters Corporation.

"· · · ·

"· · · , it being the purpose to dissolve The Southern Underwriters and Southern Underwriters Corporation, and United Employers Casualty Company absorbes the same. It being understood, however, that United Employers shall be subrogated to any and all defenses, counterclaims, causes of action and any other defenses or rights to which either The Southern Underwriters or Southern Underwriters Corporation may be entitled."

The above contract provisions clearly indicate an intention to sell the Southern Underwriters to United Employers, "lock, stock and barrel", and under such circumstances it would seem that the receiver already appointed for United Employers would have the right to enforce, for the benefit of creditors, any claim or right which belonged to Southern Underwriters.

But in case of insolvency of Southern Underwriters at the end of any calendar year, that reciprocal exchange has a right to levy an assessment on its members for the payment of its debts. (Article 5208, Sec. 15, R. C. S., 1925) Your letter indicates that such a contingency has happened. This right of Southern Underwriters to levy an assessment on its members did not pass to United Employers, because United Employers itself contracted to pay off and discharge such debts. And the receiver for United Employers could acquire no right which the corporation itself did not possess. (See Texas Jurisprudence, Vol. 36, p. 180) Furthermore, it is apparent that Southern Underwriters has a cause of action against United Employers for its failure to perform its contract to discharge the obligations of Southern Underwriters. This is a cause of action and claim which could not pass by the contract, but arises out of it, and should be enforced against the receiver of United Employers.

We are therefore of the opinion that the facts showing insolvency of the Southern Underwriters should be reported to this department for suit looking to the appointment of a receiver for such exchange.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen

W. R. Allen
Assistant

WRA:CO

